**FILED**

MAR 2 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael Dean Vaughan<br>2010 Scott BLVD.<br>Covington, KY 41014 | ) ) ) | Case: 1:12-cv-00476<br>Assigned To : Collyer, Rosemary M. |
| *Plaintiff,* | ) ) | Assign. Date : 3/26/2012<br>Description: FOIA/Privacy Act |
| vs. | ) ) | |
| National Guard Bureau<br>111 South George Mason Dr.<br>Arlington, VA 22204 | ) ) ) ) | |
| AND | ) ) ) | |
| KY Army National Guard<br>100 Minuteman PKWY<br>Frankfort, KY 40601 | ) ) ) ) | |
| *Defendant(s)* | ) ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Michael Vaughan brings this action for injunctive, declaratory, and other

appropriate relief pursuant to the Privacy Act, 5 U.S.C. § 552a, <u>et seq.</u>, <u>as amended</u>, and

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>, <u>as amended</u>, and the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal

   jurisdiction over the defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5)

   and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5) and 28 U.S.C.

   § 1391.



RECEIVED
Mail Room

MAR 26 2012

Angela D. Caesar, Clerk of Court
U.S. District Court District of Columbia

## PARTIES

3. Plaintiff Michael Vaughan is a National Guard Engineer Officer who was mobilized from March 1st, 2008 to March 22nd, 2009. He deployed to Afghanistan to support the NATO/ISAF Mission as part of Operation Enduring Freedom. Prior to this, he served for four years of combined reserve and active duty in a variety of assignments. Currently, he serves as the M-Day/part-time Executive Officer, HSC 201st EN BN, KY Army National Guard. This case is being brought in his civilian capacity and the above information is for identification purposes only.

4. Defendant KY Army National Guard is a sub-entity of the Defendant National Guard Bureau and is an agency within the meaning of 5 U.S.C. §§ 552(e) and 552a(a)(1) and is in possession and/or control of the records requested by the Plaintiff which are the subject of this action.

5. Defendant National Guard Bureau ("NGB") is an agency within the meaning of 5 U.S.C. §§ 552(e) and 552a(a)(1), and is in control of the records requested by the Plaintiff which are the subject of this action.

## FACTS

6. On August 12th, 2009 at 2:57 PM (EST) a woman by the name of Mary Elizabeth Kounovsky (Brigham/Goad) contacted via e-mail the KY Army National Guard stating she had a complaint to file.

7. On August 13th, 2009 an informal Army Regulation 15-6 ("AR 15-6") investigation was initiated by LTC Jerry Morrison by the appointment of MAJ James Richmond as an investigating officer to perform an informal investigation pertaining to [alleged] harassment of Ms. Kounovsky by 1LT Michael Vaughan.

8. On August 18th, 2009 MAJ James Richmond concluded his investigation and a Report of Investigation/Proceedings was completed.

9. On information and belief, approximately the 18th of August 2009 the Thurston County Sherriff's Office in Olympia, WA opened an investigation into purported crimes committed against Mary Kounovsky/Brigham. The Thurston County Sherriff's Case number is: 09-5046.

10. On December 31st, 2009 the investigation opened by the Thurston County Sherriff's Office in Olympia, WA Case: 09-2-30636, was suspended as the officers report stated that "search warrants for the relevant data did not reveal a solid suspect..."

11. On February 16th, 2010 the Plaintiff filed a federal Defamation Lawsuit against the complainant Mary Brigham (Kounovsky/Goad) who made the initial complaint that initiated the AR 15-6 investigation. Case Number is KY E.D. 3:10-CV-5.

12. The Plaintiff on March 26th, 2010 requested and received permission from the Court for the Eastern District of KY, Case No. 3:10-CV-5, DOC No. 14, to issue 3

Subpoena Duces Tecum to COL Rodney Hayes, to MAJ James B Richmond and to

LTC Dylan Seitz of the KY Army National Guard. This was required due to the

failure of the KY Army National Guard to present a copy of the aforementioned AR

15-6 Report of Investigation and/or a copy of the original complaint that was filed to

the Plaintiff, after he submitted a memorandum, and FOIA requests for this

information.

13. The Plaintiff only issued two Subpoena Duces Tecum, one to COL Rodney Hayes

and another to MAJ James B Richmond.

14. These Subpoenas Duces Tecum were ignored by the KY Army National Guard. As a

result, the Plaintiff in this action had to file a motion for Contempt and Enforcement

of the Subpoenas which was granted in part and denied in part on Aug 26th, 2010.

(See E.D. of KY, Case No. 3:10-CV-5, DOC No. 34).

15. The order referenced in paragraph 14 states in part

"...*Accordingly, it will be ordered that Maj. Richmond and Col. Hayes comply with*

*the subpoenas duces tecum and appear for depositions by the Plaintiff at a time and*

*place mutually agreeable. Should the Army decide the testimony and information*

*requested by the Plaintiff is privileged, or otherwise not discoverable, it should timely*

*file any such objections with this Court.*"

16. On September 9th, 2010 LTC Dylan Seitz of the KY Army National Guard filed a Motion to Quash with attached exhibits to the E.D. of KY, Case No. 3:10-CV-5, DOC No. 35. ("Motion to Quash")

17. The Motion to Quash, its memorandum, and attachments contained Privacy Act protected information in the form of the Army Regulation 15-6 Report of Investigation and its exhibits and explicit references thereto.

18. An Army Regulation 15-6 Report of Investigation ("ROI") that the Plaintiff Michael Vaughan has never had the opportunity to rebut as is required by Army Regulation 15-6 PARA 1-9 (c) & Army Regulation 623-3 PARA 3–58 in direct violation of his substantive due process and procedural rights.

19. An Army Regulation 15-6 Report of Investigation/Proceedings that LTC Dylan Seitz admitted in an e-mail to the Plaintiff on May 4th, 2010 that "... *I also believe that you would be entitled to receive a copy of this report in order to appeal or rebut any adverse administrative action based upon evidence produced as a result of this investigation.*"

20. Adverse administrative action had already been taken prior to May 4th, 2010 and is continuing to be taken against the Plaintiff in his Military AND Civilian Capacities due to this AR 15-6 Report of Investigation/Proceedings to this day.

21. To date, no one in the Plaintiff's chain of command has ever presented a copy of the Army Regulation 15-6 Report of Investigation/Proceedings for him to rebut, as is required by Army Regulation 15-6 PARA 1-9 (c) & Army Regulation 623-3 PARA 3-58.

22. The alleged Privacy Act Violations involving the Motion to Quash and the attachments to the motion, included the AR 15-6 Report of Proceedings that was submitted by LTC Dylan Seitz in Case Number 3:10-CV- 5, E.D. KY and is being litigated in the District of Columbia Case Number 1:12-CV-00364; VAUGHAN v. KY ARMY NATIONAL GUARD et al.

23. In LTC Dylan Seitz's Motion to Quash submitted to the E.D. of KY, Case No. 3:10-CV-5, DOC No. 35 on September 9th, 2010; he made statements of fact that:

> "...***Colonel Hayes investigated the matter [Emphasis Added]*** *to confirm the veracity of Ms. Bingham's claims and then spoke to Lieutenant Vaughn about the allegations. After speaking with Lieutenant Vaughn about the allegations and convinced that Lieutenant Vaughn had in fact engaged in the conduct of which he was accused, Colonel Hayes contacted Ram Systems Inc and informed them that Lieutenant Vaughn's services would no longer be needed.*"

24. In LTC Dylan Seitz's Motion to Quash submitted to the E.D. of KY, Case No. 3:10-CV-5, DOC No. 35 on September 9th, 2010; he made statements of fact that:

"...*At this time, the Thurston County Sheriffs Office (Olympia, Washington) has an open investigation on Lieutenant Vaughn (Case #09-5046) for the crimes of Felony Harassment / DV, Cyber Stalking / DV and Identity Fraud.*" And further in the motion to quash..." *Te Kentucky National Guard has been working with the Thurston County Sheriffs Office (Olympia, Washington) which has Michael Vaughn listed as a suspect in an open criminal investigation for offenses against Mary Brigham to include Felony Harassment / DV, Cyber Stalking / DV and Identity Fraud.*"

25. On December 31st, 2009 the investigation opened by the Thurston County Sherriff's Office in Olympia, WA Case: 09-2-30636, was suspended and the officer's report stated that "*search warrants for the relevant data did not reveal a solid suspect...*"

26. The statements regarding an 'open investigation' imputing that the Plaintiff was a suspect for felony crimes and that the KY Army National Guard was actively assisting in this investigation was completely fabricated by LTC Dylan Seitz of the KY Army National Guard. The motion to Quash was submitted September 9th, 2010, fully nine months after the investigation had been suspended and no solid suspect was ever identified.

27. In LTC Dylan Seitz's Motion to Quash submitted to the E.D. of KY, Case No. 3:10-CV-5, DOC No. 35 on September 9th, 2010; he made statements of fact that:

*"...Lieutenant Vaughn was provided a copy of the investigation report prepared by Major James Richmond."*

28. The Plaintiff was only presented a copy of the report on May 5th, 2010 after having to file a FOIA/Privacy Act request for the AR 15-6 Report of Investigation/Proceedings referenced by LTC Dylan Seitz in his Motion to Quash.  The Plaintiff received this report in his civilian ('Private Citizen') capacity per Army Regulation 25-55 PARA 1–201(e) [Page 8].

29. In LTC Dylan Seitz's Motion to Quash submitted to the E.D. of KY, Case No. 3:10-CV-5, DOC No. 35 on September 9th, 2010; he made statements of fact that: *"...In response, Ms. Bingham contact local law enforcement to get a restraining order against Lieutenant Vaughn and to assist her in removing these postings on the internet."*

30. On August 25th, 2009 Mary Kounovsky/Brigham filed for a Petition for Order of Protection against the Plaintiff. Thurston Superior Court Case: 09-2-30636.

31. On September 4th, 2009, the order for the Petition for Order of Protection was summarily denied and the matter was dismissed as Mary Kounovsky/Brigham failed to show up for the hearing.

32. On July 9th, 2011, the KY Army National Guard convened and conducted a Federal Withdrawal of Recognition Board Hearing ("Board Hearing") pursuant to AR 15-6 & NGR 635-101 to determine if the Plaintiff should have his Federal Recognition as a Commissioned Officer withdrawn.

33. During this Board Hearing, COL Rodney Hayes testified under oath that:

   a. he had conducted an investigation; (See Paragraph 23)

   b. he found no evidence on any government machine that corroborated Mary Kounovsky's allegations; (See Paragraph 23)

   c. that he had not been in contact with anyone with the Thurston County Sherriff's Office since August of 2009 and; (See Paragraph 24)

   d. no one else in his office had been in contact with the Thurston County Sherriff's Office since August of 2009. (See Paragraph 24)

34. This testimony of COL Rodney Hayes was evidence of an exculpatory investigation that had been explicitly hidden not only from the Plaintiff, but from the Honorable Danny Reeves, presiding in case no. 3:10-CV-5 in the E.D. of KY. This testimony was counter to what LTC Dylan Seitz stated in his Motion to Quash.

35. During this Board Hearing, Mary Kounovsky/Brigham testified under oath, among other things that, she still had a "restraining order" against the Plaintiff. This testimony was blatantly false. (See Paragraph 29, 30, & 31)

**The Plaintiff Submitted a FOIA/Privacy Act Request Regarding the Board Hearing**

36. In seeking these recordings of the sworn testimony and documents supporting the Plaintiff's position during the Board Hearing, the Plaintiff Michael Vaughan, sent an email via his personal Yahoo e-mail account, dated August 17th, 2011, submitting a FOIA/Privacy Act request for all records involving the Plaintiff 1LT Michael Vaughan for the Board Hearing to Withdraw his Federal Recognition as a Commissioned Officer held July 9th 2011. The records were to include hearing transcripts; including a verbatim copy of the hearing, audio recording for the hearing, copies of all documents LTC [Dylan]Seitz submitted to the board, and the original letter/memorandum and all exhibits sent to 1st Army initiating the Federal Recognition Board Hearing regarding the plaintiff.

37. By an e-mail sent to the Plaintiff's military e-mail account dated Feb 1st, 2012, the defendant NGB's FOIA/Privacy Act Office denied the Plaintiff's FOIA request for the following reasons "... *This letter is to notify you that the FOIA request made to the Kentucky Army National Guard, dated August 17, 2011 for records on hearing transcripts; including a verbatim copy of the hearing, audio recording for the hearing, copies of all documents LTC Seitz submitted to the board, and the original letter/memorandum and all exhibits sent to 1st Army initiating the Federal Recognition Board Hearing for yourself **has been referred back to the Kentucky Army National Guard for processing as the referral to our office was incomplete** [Emphasis Added].*

*We also note that your request asked that correspondence be made to your Army official e-mail account.  The Army prohibits individuals from using Army equipment to include e-mail, stationary, phones, etc. __for making FOIA requests [Emphasis Added]__ which are of a personal matter; therefore, we would be unable to accept your request for processing as it is currently not in compliance with Army Regulation 25-55 (Page 8) found at http://armypubs.army.mil/epubs/pdf/R25_55.PDF."*

38. By an e-mail sent to the Plaintiff's personal yahoo e-mail account dated Feb 8th, 2012, the defendant KY National Guard denied the Plaintiff's FOIA/Privacy Act request for the following reasons *"This letter is to notify you that the FOIA request (KYARNG #FA-11-0008) made to the Kentucky Army National Guard, dated August 17, 2011 for records on The Board Hearing held 9 July 2011 that involved 1LT Michael Vaughan to include hearing transcripts; including a verbatim copy of the hearing, audio recording for the hearing, copies of all documents LTC Seitz submitted to the board, and the original letter/memorandum and all exhibits sent to 1st Army initiating the Federal Recognition Board Hearing for yourself can't be accepted because of the following:*

*Your request asked that correspondence be made to your Army official e-mail account. The Army prohibits individuals from using Army equipment to include e-mail, stationary, phones, etc. for making FOIA requests which are of a personal matter; therefore, we would be unable to accept your request for processing as it is currently not in compliance with Army Regulation 25-55 (Page 8) found at*

39. Army Regulation 25-55 PARA 1–201(e) [Page 8]; pertinently states as follows;

"*e . Soldiers and Civilian Employees of the Department of the Army may, as private citizens, request DA or other agencies' records under the FOIA.* **They must prepare requests at their own expense and on their own time. They may not use Government equipment, supplies, or postage to prepare personal FOIA requests [Emphasis Added].** *It is not necessary for soldiers or civilian employees to go through the chain of command to request information under the FOIA.*"

40. The KY Army National Guard's denial notice failed to mention that the Defendant KY National Guard had failed to properly refer the FOIA request to the Defendant National Guard Bureau.

41. The Plaintiff requires the requested information to demonstrate that an incredible fraud has been committed on a Federal Court.

42. The Plaintiff requests that this honorable court expedite this case as the substantial due process rights of the plaintiff are currently being violated and are in further imminent jeopardy of being grossly violated again without this information.

43. Furthermore, the Plaintiff has an Appeal in the 6th Circuit that will be dramatically strengthened with the requested information as well.

44. The Plaintiff has constructively exhausted all required administrative remedies with respect to his FOIA/Privacy Act request dated August 17th, 2011.

## COUNT ONE

### (Violation of the FOIA: Failure to Comply with Statutory Deadlines)

45. The Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein

46. The Defendant's response to the Plaintiff's FOIA/Privacy Act request violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. §552a(6)(A).

47. The Plaintiff has constructively exhausted applicable administrative remedies with respect to the Plaintiff's FOIA/Privacy Act Request.

48. The Defendants have wrongly withheld responsive agency records from the Plaintiff.

## COUNT TWO

### (Violation of the FOIA/Privacy Act: Denial of Records)

49. The Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

50. The defendant's arbitrary and capricious denial of the Plaintiff's FOIA/Privacy Act request was based upon a contrived reading of Army Regulation 25-55 and is erroneous.

51. The Plaintiff did not prepare his FOIA/Privacy Act request using any governmental equipment, supplies, or postage. Nor was the FOIA/Privacy Act request created while Plaintiff was in a duty status. The FOIA/Privacy Act request was sent from the Plaintiff's personal yahoo e-mail account and was responded to by the defendant KY Army National Guard denying the FOIA request to his personal yahoo e-mail account.

52. Furthermore, the Plaintiff in his civilian ('Private Citizen') capacity previously had submitted on April 2nd 2010, a separate FOIA/Privacy Act request for a copy of the 15-6 Report of Investigation/Proceedings that involved the Plaintiff. This request also had his military e-mail address on the FOIA/Privacy Act request. This FOIA/Privacy Act request was granted. See Paragraph 27 & 28.

53. The information being sought by the Plaintiff is incredibly damaging to the Defendants.

54. The Plaintiff has constructively exhausted applicable administrative remedies with respect to the Plaintiff's FOIA/Privacy Act Request.

55. The Defendants have arbitrarily and capriciously withheld responsive agency records from the Plaintiff.

56. The Plaintiff has a legal right under the FOIA and the Privacy Act to obtain the information he seeks, and there is no legitimate legal basis for the denial by the defendants of said right.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff Michael Vaughan prays that this Court award him the following relief:

1) Declare that the Kentucky Army National Guard violated the Privacy & Freedom of Information Acts;

2) Declare that the National Guard Bureau violated the Privacy & Freedom of Information Acts;

3) Order the Defendants to disclose the requested records in their entireties and make electronic and/or physical copies promptly available to the Plaintiff within ten business days of the Court's Order in this matter;

4) Find that the Defendants arbitrarily and capriciously withheld requested records;

5) Award reasonable costs as provided in 5 U.S.C. § 552 (a)(4)(E), and/or 5 U.S.C. § 552a (g)(3)(B) and/or 28 U.S.C. § 2412(d);

6) Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a) and;

7) grant such other relief as the Court may deem just and proper.

**Respectfully submitted**

Dated this 26th day of March, 2012

MICHAEL DEAN VAUGHAN
Plaintiff (*PRO SE*)
2010 Scott Blvd.
Covington, KY 41014
(513) 365-8090
mvaughan@kyguardgonewild.com

## Verified Complaint:

I am the Plaintiff in the within action FOIA/Privacy Act Complaint. I have read the foregoing complaint and its attachments thereof. The contents are true to my own knowledge except as to matters therein alleged upon information and belief, and to those matters I believe them to be true.

MICHAEL DEAN VAUGHAN
PLAINTIFF (PRO SE)
2010 Scott Blvd.
Covington, KY 41014
(513) 365-8090
 mvauaghan@kyguardgonewild.com


Subscribed and sworn to before me on _____ 03.24.12 _____

My Commission Expires _____ 05.26.15 _____

Notary Public _____ Christopher D Farris _____

CHRISTOPHER D. FARRIS
Notary Public
State at Large
Kentucky
My Commission Expires May 26, 2015