# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-476 (RMC) |
| | ) | |
| KENTUCKY ARMY NATIONAL GUARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## TRANSFER ORDER

This matter is before the Court on its initial review of a *pro se* Complaint filed by First Lieutenant Michael Dean Vaughan. In the interest of justice, venue will be transferred.

This case arises from events that occurred in Kentucky regarding allegations that Lt. Vaughan was derelict in his duty as an Army National Guard officer.[1] Mary Kounovsky Brigham contacted the Kentucky Army National Guard ("Army") in August 2009, accusing Lt. Vaughan of harassing her by posting pornographic photos of her on the Internet after their adulterous affair ended. The Army conducted an investigation and prepared an AR 15 Report of Proceedings on August 18, 2009;[2] Army employee, Rodney Hayes, took part in the investigation. Lt. Vaughan complains that he has not been able to obtain a copy of this Report. In September 2009, Lt. Vaughan was relieved of his command and transferred. In February 2010, Lt. Vaughan

---

[1] These allegations can be found in the complaint filed in *Vaughan v. Kentucky Army Nat'l Guard*, Civ. No. 12-710-RMC (D.D.C. filed May 2, 2012), Compl. [Dkt. 1].

[2] In August 2009, a Thurston County Sheriff Department detective also investigated. Because he could not ascertain a positive suspect, he recommended that the case be suspended. Lt. Vaughan asserts that this is exculpatory.

received a "relief for cause/referred (bad) Officer Evaluation Report" and it was recommended

that he receive a Letter of Reprimand.  On July 9, 2011, a proceeding was held before a "Board

to Withdraw Federal Recognition as a Commissioned Officer" due to moral or professional

dereliction of duty, namely an adulterous relationship and an AR-15 Report finding that Lt.

Vaughan harassed the woman after the relationship ended (the "July 9, 2011 Hearing").  On

March 31, 2012, Lt. Vaughan received a letter indicating that the findings of the Board were set

aside due to the retirement of a board member, and a new Board would be convened.

As a result of these events, Lt. Vaughan filed numerous lawsuits:

(1) *Vaughan v. Brigham*, Civ. No. 3:10-05-DCR (E.D. Ky. filed Feb. 12, 2010) (alleging defamation, false light, and intentional infliction of emotional distress against Mary Kounovsky Brigham). The Eastern District of Kentucky dismissed this case on July 5, 2011, due to plaintiff's use of the court to harass defendant and due to plaintiff's perjury.

(2) *Vaughan v. Hayes*, Civ. No. 3:10-54-DCR (E.D. Ky. filed Aug. 16, 2010) (alleging defamation, invasion of privacy, false light, intentional infliction of emotional distress, and violation of due process under 42 U.S.C. § 1983 against Rodney Hayes).  A motion to dismiss is currently pending.

(3) *Vaughan v. Kentucky Nat'l Guard*, Civ. No. 2:12-53-DCR (E.D. Ky. filed Feb. 17, 2012) (alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a due to failure to provide documents related to the July 9, 2011 Hearing).  The Eastern District of Kentucky dismissed this case due to failure to pay the filing fee.  *See Vaughan*, Civ. No. 2:12-53-DCR (Feb. 22, 2012 Order).

(4) *Vaughan v. Kentucky Army Nat'l Guard*, Civ. No. 12-364-RMC (D.D.C. filed Mar. 5, 2012) (alleging violations of the Privacy Act due to dissemination of records, especially the AR 15 Report).

(5) *Vaughan v Nat'l Guard Bureau*, Civ. No. 12-476-RMC (D.D.C. filed Mar. 26, 2012) (this lawsuit, alleging violations of

FOIA and the Privacy Act due to failure to timely disclose the AR 15 Report and records relating to the July 9, 2011 Hearing).

(6) *Vaughan v. Kentucky Army Nat'l Guard*, Civ. No. 12-710-RMC (D.D.C. filed May 2, 2012) (alleging equitable estoppel, laches, violation of the due process clause of the Fifth and Fourteenth Amendments, and violation of the Administrative Procedure Act, 5 U.S.C. §§ 553, 701–706).

In this suit, Lt. Vaughan alleges that the National Guard Bureau and the Kentucky Army National Guard violated FOIA and the Privacy Act. The venue provision of FOIA and the Privacy Act permit suit in the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(5). Even so, this district has no contacts with the facts underlying this suit. Lt. Vaughan resides in Kentucky and the events of concern occurred there. The National Guard Bureau and the Kentucky Army National Guard also are in Kentucky. Moreover, it is in the interest of judicial efficiency and convenience to the parties and witnesses to handle the many cases filed by Mr. Vaughan in the same district. *See* 28 U.S.C. § 1404(a).[3] "[P]arallel litigation of factually related cases in separate fora is inefficient." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003). Thus, the Court will transfer this case to the Eastern District of Kentucky.

Simultaneously with this Order, this Court also will transfer the following cases to the U.S. District Court for the Eastern District of Kentucky: (1) *Vaughan v. Kentucky Army Nat'l Guard*, Civ. No. 12-710-RMC (D.D.C.) and (2) *Vaughan v. Kentucky Army Nat'l Guard*, Civ. No. 12-364-RMC (D.D.C.).

Accordingly, it is hereby

---

[3] Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

**ORDERED** that this case is **TRANSFERRED** to the U.S. District Court for the

Eastern District of Kentucky.


Date: May 8, 2012                                            /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge